* * * * * * * * * * *
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner DeLuca. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; or rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner DeLuca with minor modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between plaintiff and defendant-employer.
3. Defendant-employer employed three or more employees.
4. Defendant-employer is insured by Broadspire Services.
5. Plaintiff's average weekly wage is $217.01, yielding a compensation rate of $144.68.
6. Plaintiff's medical records, as stipulated at the hearing, are made part of the record herein.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was born on July 9, 1958, and completed the tenth grade.
2. Prior to the start of her employment with defendant-employer in October, 2001, plaintiff worked as a hotel housekeeper, a waitress, and as a temporary laborer.
3. At the hearing, plaintiff testified that she worked for defendant-employer as a custodian. The areas for which she was responsible included common areas in the Asheville Mall, such as the food court and some bathrooms. Plaintiff testified that on the evening of Saturday, March 27, 2004, she was lifting a trash bag estimated to weigh between 50 and 75 pounds overhead to place it in a large trash container when her back popped. She felt immediate pain, which she compared to a "throbbing tooth ache." She further testified that she told a co-worker that she was in pain and that she telephoned her husband to report the incident. She stated that she worked the following day, although in considerable pain. She indicated that she reported the incident to Mr. Shelton, a supervisor, on March 29, 2004. Plaintiff reported being in substantial pain from March 27, 2004 through the date of hearing. She last worked for defendant-employer on or about April 7, 2004. Defendant-employer was unable to accommodate her restrictions when she was released to work light duty in June, 2004. Lastly, plaintiff testified that she worked three or four days folding laundry at Days Inn in or around August, 2004, but had to quit that job because of her back pain and has otherwise not worked since April 7, 2004.
4. Mr. Yeary, plaintiff's husband, testified that plaintiff called him on the evening of Sunday, March 28, 2004 to report an injury at work.
5. Mr. Shelton testified that on March 30, 2004, plaintiff reported to him that she had begun to experience back pain on March 29, 2004.
6. Medical records reflect that plaintiff had received treatment for back strain in January,1998, and February, 2001, and that she was examined for back pain on March 19, 2004. Plaintiff did not specifically recall these occurrences.
7. On March 30, 2004, plaintiff was seen for low back pain radiating down to her buttocks and up to her neck by Dr. Adcock, a second year resident at Mountain Area Health Education Center. Dr. Adcock recorded that Plaintiff had suffered back pain for three months. The notes also indicated that no precipitating trauma was mentioned, but the notes also included a reference that plaintiff had to do heavy lifting at work. Dr. Adcock diagnosed possible skeletal misalignment.
8. On April 19, 2004, plaintiff presented with back pain, as well as head ache and congestion, to Dr. Hicks. Dr. Hicks indicated that plaintiff had not attributed her back pain to a specific cause. Dr. Hicks diagnosed muscle strain.
9. On April 29, 2004, plaintiff saw Dr. Gillis for low back pain. Dr. Gillis testified that plaintiff stated she had started to experience back pain after carrying trash but had not mentioned a specific lifting incident. Dr. Gillis diagnosed muscle strain or sprain. She testified that plaintiff's condition was consistent with a lifting incident and with many other potential causes as well.
10. On May 4, 2004, Dr. Goebel, a board-certified orthopedic surgeon, saw plaintiff for back pain and neck pain. Dr. Goebel testified plaintiff had told him that she began experiencing back pain the day after "pulling trash" at work. He said plaintiff reported her pain as a ten on a scale of one to ten, but Dr. Goebel's impression was that plaintiff moved without apparent discomfort. Dr. Goebel noted that plaintiff had one leg approximately one-half inch longer than the other. He diagnosed lumbar strain. However, he told plaintiff that he could not necessarily relate her back condition to her work.
11. Plaintiff saw Dr. Hayes for back pain on June 15, 2004. Dr. Hayes recalled that plaintiff indicated that she was injured at work but otherwise had provided no specific mechanism for the injury. Dr. Hayes released plaintiff to return to work with a ten-pound lifting restriction. Over the next four months, plaintiff's back condition remained the same. However, on October 25, 2004, plaintiff reported that she had been involved in a motor vehicle accident and that her back was worse. Lastly, Dr. Hayes testified to a reasonable degree of medical certainty that one could sustain the kind of injury plaintiff had suffered from lifting a heavy object or in many other ways.
12. The information presented by plaintiff both to medical personnel and at hearing is inconsistent and is not deemed by the Full Commission as credible. Plaintiff related different accounts of her injury to her doctors without attributing her pain to a specific cause.
13. Based on the greater weight of the evidence, plaintiff has failed to meet her burden of proving that a specific traumatic incident occurred on March 27, 2004. Even assuming arguendo
that a specific traumatic incident had occurred, the medical evidence offered by plaintiff fails to prove that plaintiff's back condition was caused or significantly aggravated by an alleged specific traumatic incident at work on or around March 27, 2004.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Where the exact nature and probable genesis of a particular type of injury involves complicated medical questions removed from the ordinary experience of laymen, only an expert witness can give a competent opinion as to the nature of and the cause of the injury. Young v. Hickory Business Furniture, 353 N.C. 227,538 S.E.2d 912 (2000) ; Click v. Pilot Freight Carriers, Inc.,300 N.C. 164, 167, 265 S.E.2d 389, 391 (1980).
2. Plaintiff has failed to prove by the greater weight of the competent evidence that on or about March 27, 2004, she sustained an injury by accident or specific traumatic incident arising out of and in the course of her employment with defendant-employer which caused injury to her back; therefore, plaintiff's claim must be denied. N.C. Gen. Stat. § 97-2(6).
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 ORDER
1. Under the law, the Plaintiff's claim must be, and the same is hereby Denied.
2. Defendants shall bear the costs.
This the 7th day of March, 2006.
 S/____________________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
DISSENTING:
 S/______________________ THOMAS J. BOLCH COMMISSIONER